UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HENRY CLIFTON, JR.,

    Petitioner,

v.                                      Case No. 8:08-cv-2409-T-33MAP

SECRETARY DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

This cause is before this Court on Petitioner Henry Clifton's 28 U.S.C. § 2254 petition for writ of habeas corpus. Clifton attacks his two convictions for robbery arising out of charges filed separately in the Thirteenth Judicial Circuit, Hillsborough County, Florida, in state circuit case numbers 73-2118 and 73-2117.

PROCEDURAL HISTORY

In Case No. 73-2118, Clifton entered a plea of guilty to the crime of robbery on December 10, 1973. On February 1, 1974, the court sentenced Clifton to fifteen years imprisonment. (Exhibit 4). On August 22, 1978, Clifton was granted parole. (Exhibit 5). On May 7, 1980, Clifton's parole was revoked and he returned to prison to complete his fifteen-year sentence. (Exhibit 6).

In Case No. 73-2117, Clifton entered a plea of guilty to the crime of robbery on December 10, 1973. On February 1, 1974, the state trial court placed Clifton on life probation. (Exhibit 1). Clifton subsequently violated his probation, and on February 28, 1980, the court sentenced Clifton to life imprisonment. (Exhibit 2). On June 21, 1983,

Clifton was granted parole, and on July 17, 2003, his parole was revoked. (Exhibit 3). Clifton is currently serving his life sentence in Case No. 73-2117.

### Direct Appeal

Clifton did not pursue a direct appeal challenging his conviction and sentence in either state circuit court case.

### Rule 3.800(a) Motions to Correct Illegal Sentence

Clifton filed several motions to correct sentence in the state trial court beginning in late 2003, soon after Clifton's parole was revoked in Case No. 74-2117. First, on December 26, 2003, Clifton filed a motion to correct sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. (Exhibit 7). He filed a supplement to the motion on January 8, 2004. (Exhibit 8). On March 3, 2004, the state trial court denied the motion. (Exhibit 9). Clifton did not appeal this ruling.

Next, on May 19, 2004, Clifton filed a document entitled "Issue of Case Facts," which the state trial court treated as a motion to correct sentence pursuant to Rule 3.800(a). (Exhibit 10). Clifton claimed his sentences were illegal because Florida law does not allow probation and prison sentences to be served concurrently. On August 5, 2002, the state trial court issued an order explaining that the probation sentence in Case No. 73-2117 ran consecutively to the prison sentence in Case No. 73-2118. (Exhibit 11). Clifton appealed the adverse order. (Exhibit 12). He filed a pro se initial brief on or about October 26, 2004. (Exhibit 13). Because of the summary nature of the proceeding, the State was not required to file an answer brief and did not do so. On December 8, 2004, in Case No. 2D04-4158, the state district court of appeal filed a per curiam opinion affirming the lower court's order

denying the motion to correct sentence. (Exhibit 14). *Clifton v. State*, 892 So. 2d 482 (Fla. 2d DCA 2004)[table]. The mandate issued December 30, 2004. (Exhibit 15).

On October 24, 2005, Clifton filed another Rule 3.800(a) motion. (Exhibit 16). He filed a supplement to the motion on December 7, 2005 (Exhibit 17), and a memorandum of law on December 12, 2005. (Exhibit 18). The state trial court summarily denied all three pleadings in an order issued March 31, 2006. (Exhibit 19). Clifton filed a motion for rehearing on April 14, 2006. (Exhibit 20). The state trial court ordered the State to file a response to the motion for rehearing as to the "hard labor" provision only (Exhibit 21), and the State responded that Clifton was entitled to have the "hard labor" provision of his sentences stricken. (Exhibit 22). On June 18, 2007, the court issued an order striking the hard labor provision. (Exhibit 23). Clifton appealed the denial of his remaining grounds. (Exhibit 24). No briefs were filed by either party. On November 14, 2007, in Case No. 2D07-3624, the state district court of appeal filed a per curiam opinion, with citations, affirming the trial court's denial of sentencing relief. (Exhibit 25). *Clifton v. State*, 968 So. 2d 1023 (Fla. 2d DCA 2007)[table]. The mandate issued December 12, 2007. (Exhibit 26).

THE PRESENT PETITION IS TIME-BARRED

Clifton signed the § 2254 petition and submitted the document to prison officials for mailing on November 5, 2008. (Doc. No. 1). The petition is time-barred pursuant to 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). According to the AEDPA, a person in custody pursuant to the judgment of a state court has one year from the date his judgment became final to file a § 2254 federal habeas petition. Ordinarily, a Florida judgment becomes final thirty days later where, as

here, the defendant does not prosecute a timely appeal. *See McGee v. State*, 684 So. 2d 241 (Fla. 2d DCA 1996) (treating judgment and sentence upon entry of plea as final when time for filing appeal expired); *Gust v. State*, 535 So. 2d 642 (Fla. 1st DCA 1988)(same). Clifton's judgments became final, at the latest, on March 31, 1980, thirty days after the court sentenced Clifton to prison in Case No. 74-2117, upon revocation of probation.

When a petitioner's conviction becomes final prior to the AEDPA's effective date of April 24, 1996, but the petition is filed after the statute's enactment, the petitioner is afforded a one-year grace period in which to file his federal claims. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209 (11th Cir. 1998); *Goodman v. United States*, 151 F.3d 1335 (11th Cir. 1998). Accordingly, petitioners like Clifton, whose convictions became final prior to April 24, 1996, had until April 24, 1997, to file a timely petition for writ of habeas corpus.

Subsection (2) of §2244(d) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." In this case, however, Clifton did not challenge his 1974 convictions or 1980 revocation of probation judgment and sentence, either directly or collaterally, until December 30, 2003, after his parole was revoked in Case No. 74-2117.[1]

Clifton's sentencing challenges pursuant to Fla. R. Crim. P. 3.800, were filed over twenty-three years after his revocation judgment became final in Case No. 74-2117, and more than six years beyond the expiration of the federal one-year period on April 24, 1997.

---

[1] Clifton's parole was revoked in July 2003.

Because Clifton's limitations period had elapsed by the time the first Rule 3.800 motion was filed, the motion to correct sentence, even if deemed properly filed for tolling purposes, had no practical tolling effect.

In *Tinker v. Moore*, 255 F.3d 1331 (11th Cir. 2001), the Eleventh Circuit, quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), held a state court petition that is filed following the expiration of the federal limitations period "cannot toll that period because there is no period remaining to be tolled." *Tinker*, 255 F.3d at 1333.

### Equitable Tolling

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). In the instant case, Clifton has neither argued nor shown that there are any extraordinary circumstances that are both beyond his control and unavoidable with diligence, and therefore he is not entitled to equitable tolling.

Accordingly, the Court orders:

1. That Clifton's petition is denied. The Clerk is directed to enter judgment against Clifton and to close this case.

2. That, **if Clifton can show by record evidence** that his petition is not time-barred, the Court will entertain a motion to reopen this case if Clifton files the motion on or before July 2, 2009.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on June 3, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Henry Clifton, Jr.